GEORGE G. WILLIAMS, PETITIONER; v.
STATE HIGHWAY COMMISSION, RESPONDENT.

(Filed 16 March, 1960.)

**1. Eminent Domain § 1—**

The requirement of payment of just compensation for the taking of private property under the power of eminent domain is imposed on the Federal government by the Fifth Amendment to the U. S. Constitution and upon the State government and its agencies by the Fourteenth Amendment to the federal constitution and by Article I, Section 17, of the Constitution of North Carolina.

**2. Same—**

The power of eminent domain is the power of the sovereign to take private property for a public purpose upon payment of just compensation.

**3. Eminent Domain § 5—**

The compensation for the taking of private property under the power of eminent domain is to be measured by the value of the property taken together with damages to the remaining property, but recovery may not be had for other injuries resulting from the taking which are merely incidental thereto and do not constitute the taking of property.

**4. Same—**

Where an entire leasehold estate is taken in the exercise of the power of eminent domain the lessee is not entitled to recover compensation for the incidental loss attributable to the costs of removing his stock of merchandise, fixtures and other personal property, the interruption or loss of business or loss of customers or goodwill incident to the necessity of moving to a new location, since such losses are not property and are noncompensable.

APPEAL by petitioner from *Thompson, S. J.*, October 1959 Civil Term, of BUNCOMBE.

Civil action heard upon a written demurrer.

From a judgment sustaining the demurrer, and dismissing the action, petitioner appeals.

*T. W. Bruton, Attorney General, Kenneth Wooten, Jr., Assistant Attorney General, Andrew H. McDaniel, Trial Attorney, and Harkins, Van Winkle, Walton & Buck, Associate Counsel, for defendant, appellee.*

*Williams, Williams & Morris for plaintiff, appellant.*

PARKER, J. Petitioner instituted a special proceeding before the Clerk of the Superior Court of Buncombe County under G.S. 40-11 *et seq.*, to recover compensation for the entire taking by respondent under G.S. 136-19 of a whole leasehold estate owned by petitioner in a store building and premises on Montford Avenue in the city of Asheville. The lease was for five years, commencing on 1 September 1956.

While petitioner was in possession of the store building and premises by virtue of his lease, respondent took the whole store building and premises for the purpose of the relocation, reconstruction, widening and improving of the Asheville Expressway, on 30 January 1959 obtained a court order removing petitioner from the store building and premises, and has appropriated all of the same to use as a highway right-of-way for the Asheville Expressway.

In the petition in this special proceeding, petitioner sets forth what he terms a "Second and Further Cause of Action." In this "Second and Further Cause of Action" petitioner alleges that he was caused by respondent appropriating his leasehold estate for highway purposes and removing him therefrom by court order to incur large expenses in moving his stock of merchandise, furniture and fixtures to another location, that in moving his stock of merchandise was damaged, that his moving his grocery business to another location lost him business, customers and good will. Wherefore, petitioner prays

that he recover from respondent $750.00 for expenses incurred in his moving to another location, and that he recover from respondent $7,500.00 for loss and interruption of business and loss of customers and good will.

Respondent made a motion before the Clerk of the Superior Court of Buncombe County to strike from the petition in the special proceeding, and from the "Second and Further Cause of Action," identical allegations that "on or about the 30th day of January, 1959, obtained a court order removing this petitioner from said premises and." The motion was allowed.

Respondent demurred to petitioner's pleading on the ground that there was a misjoinder of causes. The Clerk of the Superior Court of Buncombe County sustained the demurrer for misjoinder of causes, and ordered a severance, retaining before him for further proceedings the special proceeding under G.S. 40-11 *et seq.* to recover compensation for the entire taking by respondent of petitioner's whole leasehold estate under G.S. 136-19, and transferring petitioner's "Second and Further Cause of Action" to the civil issue docket of the Superior Court of Buncombe County. To this order there is no exception. The petition in the special proceeding retained by the Clerk is not in the record before us.

Respondent filed a written demurrer to petitioner's "Second and Further Cause of Action" on the ground that the court has no jurisdiction of the subject matter for the reason that the "Second and Further Cause of Action" alleges a tort action, and the State has not consented to or authorized the maintenance of a tort action against the State Highway Commission. Judge Thompson rendered an order sustaining the demurrer, and dismissing petitioner's "Second and Further Cause of Action."

In this Court respondent filed a demurrer *ore tenus* on the following grounds: One, the "Second and Further Cause of Action" does not state facts sufficient to constitute a cause of action, in that it seeks a recovery of damages which are non-compensable, resulting from the taking of private property for public use by respondent. Two, the Court has no jurisdiction over the subject matter, since the "Second and Further Cause of Action" alleges a taking by respondent, and in matters of taking by respondent the statutes require a special proceeding to be brought before the Clerk of the Superior Court.

The State Highway Commission states in its brief: "No one questions the right of plaintiff to just compensation for the taking of the leasehold interest."

Here the respondent *entirely took the whole leasehold estate*. Should

petitioner's removal expenses, and damages to his stock of merchandise caused by such removal, be included in the measure of just compensation, and awarded to him?

The Fifth Amendment to the United States Constitution, which is a limitation upon the federal government, and not upon the states, *Brown v. New Jersey,* 175 U.S. 172, 44 L. Ed. 119, provides that private property shall not be taken for public use without just compensation. Art. I, Section 17, of the North Carolina Constitution uses language of similar import. *DeBruhl v. Highway Commission,* 247 N.C. 671, 102 S.E. 2d 229. Respondent is an agency of the State government. It entirely took petitioner's whole leasehold estate under the right of eminent domain, which is the power of the sovereign to take or damage private property for a public use on payment of just compensation. *Hedrick v. Graham,* 245 N.C. 249, 96 S.E. 2d 129. Under the Fourteenth Amendment to the federal constitution, no state can deprive an individual of his property for public use without the payment of just compensation. *Delaware, L. & W. R. Co. v. Morristown,* 276 U.S. 182, 72 L. Ed. 523, 56 A.L.R. 756; *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 67 L. Ed. 322, 28 A.L.R. 1321.

Under the settled rule against allowance for consequential losses in federal condemnation proceedings, expenses of removal or of relocation of personal property are not to be included in valuing property taken, where there is an *entire taking* of a condemnee's property, whether that property represents the interest in a leasehold or a fee. *U. S. v. General Motors Corp.,* 323 U.S. 373, 89 L. Ed. 311; *U. S. v. Petty Motor Co.,* 327 U.S. 372, 90 L. Ed. 729; *U. S. v. Westinghouse E. & Mfg. Co.,* 339 U.S. 261, 94 L. Ed. 816. However, it is apparent from these three cases that if the government takes merely temporary occupancy of premises under lease, then the cost of removal may be considered in determination of just compensation. *Intertype Corp. v. Clark-Congress Corp.,* (1957), 240 F. 2d 375.

A majority of the State Courts hold that, in the absence of a statute or agreement to the contrary, the removal costs of a stock of merchandise, or other personal property, and the breakages or other injury to such property caused by such removal, from a leasehold or fee in land, where there is an entire taking of the whole of the condemnee's estate under the sovereign power of eminent domain, cannot be considered as an element of damage, since such loss is not a taking of property. *Housing Authority of City of E. St. Louis v. Kosydor,* (19 Nov. 1959), ...... Ill. ......, 162 N.E. 2d 357; *Edgcomb Steel of New England v. State,* (1957), 100 N.H. 480, 131 A. 2d 70; *Emery v. Boston Terminal Co.,* 178 Mass. 172, 59 N.E. 763 (opinion

,C. J. Holmes)`; Nichols on Eminent Domain, 3rd Ed., Vol. 4, pp. 401-414; Orgel on Valuation under Eminent Domain, 2nd Ed., Vol. I, Sec. 69; Jahr, Eminent Domain, Sec. 112; 18 Am. Jur., Eminent Domain, pp. 895-6; Annotation: 4 L.R.A. (N.S.) 890; L.R.A. 1915D,496; L.R.A. 1916D, 719; 85 Am. St. Rep. 298; 8 Ann. Cas. 696; 16 Ann. Cas. 787; Ann. Cas. 1918B, 886; 34 A.L.R. 1523; 90 A.L.R. 165, 166; 3 A.L.R. 2d 312; Note, Eminent Domain Valuations in an Age of Redevelopment: Incidental Losses, 67 Yale L. Journal, pp. 62, 76 and 79. In these texts a multitude of cases are cited.

In *Housing Authority of City of E. St. Louis v. Kosydor, supra,* the Court said: "For the reasons stated we cannot agree with the suggestion that a denial of damages for defendants' moving expenses amounts to a confiscation of their stock in trade. Conceivably an expected return on their investment has been frustrated by the exercise of the power of eminent domain by an agency of the State. Similar frustrations have been involved in the denial of other incidental losses, due to continuing payrolls during the time spent in moving, loss of goodwill, and the like. At times they may be substantial for the individual. (Citing authorities). But in the absence of legislation, (Citing authorities), they have been regarded as a part of the burdens of common citizenship."

The rationale of the decisions for not allowing the damages are: one, the tenant eventually would have to move anyhow, and this is one of the circumstances attached to placing property on leased premises; second, it is not a taking of property within the language of the constitution, in that the expense of moving and injury to the property in moving is neither a taking or damaging of the property; three, a verdict would be based on conjecture; four, such expenses constitute no gain to the taker; and five, a taking of real estate or a leasehold does not affect the ownership of personal property kept on the premises taken, but not permanently affixed thereto, and the owner is entitled to remove such property.

Petitioner alleges that he incurred large expenses in removing his fixtures to another location, and that he is entitled to recover the cost of removing such fixtures. The petition does not allege what sort of fixtures they were, or how they were placed in the store. Ordinarily a tenant is not allowed the cost of removing his fixtures and appliances, when his leasehold is taken for public use under the sovereign power of eminent domain, in the absence of a statute or an agreement to the contrary. *U. S. v. Meyers, et al.* (1911; D.C. Conn.), 190 F. Reporter 688; *Metropolitan, etc., R. Co. v. Siegel,* 161 Ill. 638, 44 N.E. 276; *Baltimore v. Gamse,* 132 Md. 290, 104 A. 429; *Emery v. Boston*

*Terminal Co., supra; Ranlet v. Concord Corp.,* 62 N.H. 561; *Fiorini v. Kenosha,* 208 Wis. 496, 243 N.W. 761; *U. S. v. Building, etc.,* 55 F. Supp. 667; 18 Am. Jur., Eminent Domain, pp. 894-5; Annotation: 34 A.L.R. 1526; 156 A.L.R. 397; 3 A.L.R. 2d 312; 100 L. Ed. 261, where many cases are cited; 29 C.J.S., Eminent Domain, pp. 1048-1050; Nichols on Eminent Domain, 3rd Ed. Vol. 4, p. 400. There is contrary authority.

*Sale v. Highway Commission,* 242 N.C. 612, 89 S.E. 2d 290, is clearly distinguishable. In that case the consideration for the right-of-way agreement was the payment of $3,622.50 and the removal at the Commission's expense of one two-story frame warehouse and such portion of a lumber shed as is in the right-of-way limits from the right-of-way, and the buildings on the right-of-way, other than the frame garage, to be reconstructed on property belonging to the trust, under the general contract and at the expense of the Commission.

Petitioner alleges that his moving his grocery business to another location lost him business, customers and good will, and he prays that he recover from respondent $7,500.00 for loss and interruption of business and loss of customers and good will.

" 'Good will,' as pointed out previously in this work, does not constitute 'property' in the constitutional sense when land is taken under the power of eminent domain. It is universally held in this country that, in the absence of statutory authorization to the contrary, the loss of or injury to the good will of a business is not an element of the compensating damages to be awarded. The contrary rule prevails in Canada and England." Nichols on Eminent Domain, 3rd Ed., Vol. 4, Sec. 13.31, where many cases are cited. To the same effect: 18 Am. Jur., Eminent Domain, Sec. 261; Annotation: 41 A.L.R. 1026; Ann. Cas. 1918B, 878; 29 C.J.S., Eminent Domain, Sec. 162; Jahr, Eminent Domain, Sec. 115; Orgel on Valuation under Eminent Domain, 2nd Ed., Vol. I, Sec. 75; Note, Eminent Domain Valuations in an Age of Redevelopment: Incidental Losses, 67 Yale L. Journal, pp. 74-6. This is not a case where a condemnor acquires not only the physical assets of a business, but the good will as well, and carries on the business.

In *U. S. v. Petty Motor Co., supra,* the Court said: "The Constitution and the statutes do not define the meaning of just compensation. But it has come to be recognized that just compensation is the value of the interest taken. This is not the value to the owner for his particular purposes or to the condemnor for some special use but a so-called 'market value.' It is recognized that an owner often receives less than the value of the property to him but experience has shown

that the rule is reasonably satisfactory. Since 'market value' does not fluctuate with the needs of condemnor or condemnee but with general demand for the property, evidence of loss of profits, damage to good will, the expense of relocation and other such consequential losses are refused in federal condemnation proceedings."

As in the case of other losses caused to a business by reason of the condemnation of a leasehold or of the land on which it is conducted, such loss where made up of the profits which might have been made by the business but of which the owner was deprived by reason of the necessary interruption of such business by the condemnor is under the prevailing rule excluded from consideration in determining the damages to which the owner is entitled. *Pemberton v. Greensboro*, 208 N.C. 466, 181 S.E. 258; *State v. Lumber Co.*, 199 N.C. 199, 154 S.E. 72; Nichols on Eminent Domain, 3rd Ed., Vol. 4, Sec. 13.32(2), where many cases are cited; 18 Am. Jur., Eminent Domain, Sec. 259; 29 C.J.S., Eminent Domain, Sec. 162; Jahr, Eminent Domain, Sec. 115; Orgel on Valuation under Eminent Domain, Sec. 72.

This Court said in *State v. Lumber Co.*, *supra:* "Neither is it controverted that, unless sanctioned by statute, loss of profits from a business conducted on the property" (taken in condemnation) "or in connection therewith, is not to be included in the award for the taking."

*Gauley & E. R. Co. v. Conley*, 84 W. Va. 489, 100 S.E. 290, 7 A.L.R. 157, was a condemnation proceeding. The Court said: "All of the evidence tending to prove that the new barn is not as conveniently or advantageously located as the old one was improperly admitted. As in the case of profits, it pertains, not to the value of the property taken or damage to the residue, but to the business of one of the defendants. For injury or detriment to that the law does not require the condemnor to compensate."

*City of Newark v. Cook*, 99 N.J. Eq. 527, 133 A. 875, was a case where the Court was concerned with determining compensation to be awarded lessees of store buildings taken in a street widening proceeding. The Court said: "Loss of business, profits, good will, fixtures, and cost of removal and the like suffered by the tenants obviously are not lands or real estate, or rights or interest therein in the legal sense and not within the criterion fixed by the statute."

*Sawyer v. Commonwealth,* 182 Mass. 245, 65 N.E. 52, 59 L.R.A. 726, was a petition to determine the damages to be awarded to petitioners caused by a decrease in value of their business in consequence of the taking of certain property under the metropolitan water supply act. The Court held: A business is not property within the mean-

ing of a statute providing a jury trial to determine the damage in case of injury to "property" by the exercise of the right of eminent domain. In the opinion *C. J. Oliver Wendell Holmes* said: "It generally has been assumed, we think, that injury to a business is not an appropriation of property which must be paid for. There are many serious pecuniary injuries which may be inflicted without compensation. It would be impracticable to forbid all laws which might result in such damage, unless they provided a *quid pro quo.* No doubt a business may be property in a broad sense of the word, and property of great value. It may be assumed for the purposes of this case that there might be such a taking of it as required compensation. But a business is less tangible in nature and more uncertain in its vicissitudes than the rights which the Constitution undertakes absolutely to protect. It seems to us, in like manner, that the diminution of its value is a vaguer injury than the taking or appropriation with which the Constitution deals. A business might be destroyed by the construction of a more popular street into which travel was diverted, as well as by competition, but there would be as little claim in the one case as in the other. See *Smith v. Boston,* 7 Cush. 254; *Stanwood v. Malden,* 157 Mass. 17, 16 L.R.A. 591, 31 N.E. 702. It seems to us that the case stands no differently when the business is destroyed by taking the land on which it was carried on, except so far as it may have enhanced the value of the land. See *New York, N. H. & H. R. Co. v. Blacker,* 178 Mass. 386, 390, 59 N.E. 1020."

In *U. S. ex rel. T. V. A. v. Powelson,* 319 U.S. 266, 87 L. Ed. 1390, 1401, the Court said: "In absence of a statutory mandate (*U. S. v. Miller, supra* (317 U.S. 370, *ante,* 341, 63 S. Ct. 276, 147 A.L.R. 55)), the sovereign must pay only for what it takes, not for opportunities which the owner may lose."

Respondent's written demurrer *ore tenus* filed in this Court on the ground that petitioner's "Second and Further Cause of Action" does not state facts sufficient to constitute a cause of action, in that petitioner seeks a recovery of alleged damages, which are noncompensable, as they resulted from the taking of private property for a public use by respondent acting under the State's sovereign power of eminent domain is sustained.

Affirmed.