GEORGE JOHN ZOURZOUKIS, AND GEORGE JOHN ZOURZOUKIS, AD-
MINISTRATOR OF THE ESTATE OF ATHAS PALICARAS, DECEASED, PETI-
TIONERS, v. STATE HIGHWAY COMMISSION, RESPONDENT.

(Filed 16 March, 1960.)

APPEAL by petitioners from *Thompson, S. J.,* October 1959 Civil
Term, of BUNCOMBE.

Civil action heard upon a written demurrer.

From a judgment sustaining the demurrer, and dismissing the action,
petitioners appeal.

*T. W. Bruton, Attorney General, Kenneth Wooten, Jr., Assistant
Attorney General, Andrew H. McDaniel, Trial Attorney, and Har-
kins, Van Winkle, Walton & Buck, Associate Counsel, for the State.*

*Williams, Williams & Morris for plaintiffs, appellants.*

PER CURIAM. Petitioners instituted a special proceeding before
the Clerk of the Superior Court of Buncombe County under G.S. 40-
11 *et seq.* to recover compensation for the entire taking by respondent
under G.S. 136-19 of a whole leasehold estate owned by them in a
store building and premises on Montford Avenue in the city of Ashe-
ville, North Carolina, which premises is now in use as a highway right-
of-way for the Asheville Expressway.

In their petition, petitioners set forth what they term a "Second
Cause of Action," wherein they seek to recover damages for expenses
incurred in the removal from the condemned premises of their stock
of goods, merchandise, movable furniture and fixtures (there is no
allegation as to what sort of fixtures they were), damages for loss and
injury to such property in the removal, and damages for loss of busi-
ness, customers and good will in their cafe business by reason of such
removal.

The Clerk of the Superior Court sustained respondent's demurrer
for misjoinder of causes, and ordered a severance, retaining before
him for further proceedings the special proceeding under G.S. 40-11
*et seq.* to recover compensation for the entire taking by respondent
of petitioners' whole leasehold under G.S. 136-19, and transferring
the "Second Cause of Action" to the civil issue docket of the Superior
Court of Buncombe County. To this order there is no exception.

In the Superior Court Judge Thompson sustained a demurrer to pe-
titioners' "Second Cause of Action," and dismissed it.

Respondent filed a written demurrer *ore tenus* to petitioners' "Sec-
ond Cause of Action" in this Court for the reason that the "Second

Cause of Action," *inter alia*, does not state facts sufficient to constitute a cause of action, in that it seeks a recovery of damages which are noncompensable, resulting from the taking of private property for public use by respondent.

The relief sought in this action is identical with the relief sought in the case of *Williams v. State Highway Commission, ante*, 141, 113 S.E. 2d 263, the opinion of the Court in which is filed contemporaneously with this opinion. Counsel for the parties in both cases are the same, and the briefs in both cases are identical so far as the argument and citation of authority are concerned. The decision in this case is controlled by the decision in the *Williams* case.

Respondent's written demurrer *ore tenus* filed in this Court on the ground that petitioners' "Second Cause of Action" does not state facts sufficient to constitute a cause of action, in that petitioners seek a recovery of alleged damages, which are noncompensable, as they resulted from the taking of private property for public use by respondent acting under the State's sovereign power of eminent domain is sustained upon the authority of *Williams v. State Highway Commission, supra*.

Affirmed.