17754

John J. RILEY *et al.*, as Trustees of the John K. Crosswell Home, Respondents, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT and The City of Sumter, Appellants.

(118 S. E. (2d) 809)

*C. M. Edmunds, Esq.,* of Sumter, *for Appellants,*

*Messrs. Nash & Wilson* and *George D. Levy,* of Sumter, for *Respondents,*

C. M. Edmunds, Esq., of Sumter, for Appellants, in Reply.

March 14, 1961.

OXNER, Justice.

The question for determination is whether the Highway Department may condemn for highway purposes a strip of land through certain property in the City of Sumter which is used as an orphanage for white children.

Under a will dated October 15, 1915, the late John K. Crosswell left a portion of his estate to certain named trustees for the establishment of an institution in Sumter County, to be known as the John K. Crosswell Home, for the care of white orphan children, preference being given to those from Sumter County. Some years later the trustees purchased a tract of land in the City of Sumter upon which suitable buildings for the care of orphan children have been erected. It is contemplated that from time to time the orphanage will be enlarged and other buildings placed upon the property.

This action was brought by the trustees of said institution for the purpose of enjoining the State Highway Department and the City of Sumter from condemning a 90 foot strip through said property for a proposed relocation of U. S. Route 15. They alleged that said property had been dedicated to a public use and that defendants were without power to condemn property of that character. It was further alleged that there was no necessity for the taking as the road could be suitably located elsewhere. Upon the filing of the complaint, a temporary restraining order was issued by Judge

Martin and the defendants were required to show cause before Judge McFaddin why an injunction *pendente lite* should not be issued. The defendants demurred and also filed a return and answer. The matter was heard by Judge McFaddin upon the pleadings and various affidavits offered by the parties. He concluded (1) that if, as alleged in the complaint, this property is devoted to public use as an orphanage, the Highway Department is not empowered to condemn it for highway purposes, and (2) that the question as to whether this property is in fact dedicated to a public use should be determined when the case was tried on its merits. Accordingly, he overruled defendants' demurrer and issued an injunction *pendente lite*. From this order, the defendants have appealed.

In addition to the question of whether this property was devoted to a public use, the pleadings and affidavits also raised the question as to whether it was necessary for the Highway Department to run this highway through it, the trustees contending that the highway could feasibly be located elsewhere. But the issue as to the necessity of taking the property was not passed upon by the Court below, is not raised by the exceptions and is not included in the questions stated in the briefs. We, therefore, express no opinion thereabout. We shall assume for the purpose of this appeal that the property acquired by the trustees is devoted to a public use and restrict our discussion solely to the general question of whether property of this character may be condemned for highway purposes.

The power of eminent domain is inherent in sovereignty. It is founded on the law of necessity. *Paris Mountain Water Co. v. City of Greenville,* 110 S. C. 36, 96 S. E. 545. It may be delegated by the State to its agencies. *Smith v. City of Greenville,* 229 S. C. 252, 92 S. E. (2d) 639. As pointed out in the *Paris Mountain Water Company case,* this power is more frequently committed by the State to its accredited agencies than it is exercised directly by the State.

The Highway Department was established "as an administrative agency of the State Government", Section 33-21 of the 1952 Code. It derives its power from the Legislature. "It has no inherent power. Whatever power it attempts to exercise must be found in some Act." *Southern Railway Co. v. S. C. State Highway Department,* 237 S. C. 75, 115 S. E. (2d) 685, 688. Among other functions vested in the Highway Department, it is empowered to build and maintain public highways and "acquire such lands and road building materials and rights of way as may be needed for roads and bridges by purchase, gift or condemnation." Section 33-71. It is further provided in Section 33-122: "The State Highway Department may acquire by gift, purchase, condemnation or otherwise any lands or other real estate that may be necessary, in the judgment of the Department, for the construction, maintenance, improvement or safe operation of highways in this State or any section of a State highway * * *." It is stated in Section 33-127: "The State Highway Department, for the purpose of acquiring property as authorized by § 33-122, may condemn lands, rights of way and easements of railroad, railway, telegraph or other public service corporations."

Respondents do not question the power of the Legislature to authorize the taking of land already applied to one public use and devote it to another, but they say that where such taking will destroy or materially interfere with the former use, the mere general authority to exercise the power of eminent domain is insufficient and that such authority must be given by the Legislature in express terms or by necessary implication. This general rule is well settled. 29 C. J. S. Eminent Domain § 74, page 861; Nichols on Eminent Domain, Third Edition, Section 2.2. It was recognized in *County Board of Commissioners for Clarendon County v. Holliday,* 182 S. C. 510, 189 S. E. 885, 109 A. L. R. 1496, and *Twin City Power Co. v. Savannah River Electric Co.,* 163 S. C. 438, 161 S. E. 750. It was stated in *Township of Weehawken v. Erie Railroad Company,* 20 N.

J. 572, 120 A. (2d) 593, 596, that this rule "stems from the recognition that municipal and many private corporations possess general powers of condemnation delegated by the Legislature. If one such body may acquire land used or held for a public purpose by another corporation under a general power of condemnation, the latter would logically be free to reacquire the same property." However, the general rule does not ordinarily apply "where the power of eminent domain is being exercised by the sovereign itself, such as the state or federal government, for its immediate purposes, rather than by a public service corporation or a municipality." 29 C. J. S., page 862.

We do not think the rule relied on by respondents applies to the facts of this case. The condemnation here is by the Highway Department as an agency of the State, in behalf of the State and for its own immediate purpose. The condemnor is, in essence, the sovereign. In *State Highway Commission v. City of Elizabeth,* 102 N. J. Eq. 221, 140 A. 335, 338, the Court said in considering the extent of the power of eminent domain given the State Highway Commission, that it must be borne in mind that the Commission " 'is an *alter ego* of the state' itself" and "not a mere subordinate." It was held in *Elberton Southern Railroad Co. v. State Highway Department,* 211 Ga. 838, 89 S. E. (2d) 645, 648, that under a general power of condemnation, the Highway Department of Georgia could acquire for public road purposes a part of a railroad right of way and in such a condemnation proceeding "the State, the sovereign itself, is acting by and through its * * * constituted agency, the State Highway Department."

But even if the rule be given effect, we think the power of condemnation is necessarily implied from the general authority granted under the statutes which we have reviewed. In determining whether there is such implication, due consideration must be given to the nature and situation of the proposed work and the impracticability of constructing it without encroaching on land

already used by the public. Nichols on Eminent Domain, *supra*, Section 2.2. A public highway cannot in the nature of things be constructed for any considerable distance through an inhabited country without crossing property devoted to some other public use. Certainly the Legislature never intended that property of the nature here involved should be excluded from the broad power of condemnation given.

It is argued that the fact that in Section 33-127 the Legislature expressly gave authority to the Highway Department to condemn lands and easements of railroad, telegraph and other public service corporations indicates an intention to exclude from the right of eminent domain all other property devoted to a public use. It is said that if the general authority given by Section 33-122 was sufficient to include all property devoted to a public use, the express authority given by Section 33-127 was unnecessary. But we think that the General Assembly deemed it desirable to give express authority to condemn the property of the public utilities named in Section 33-127 because these public service corporations had previously been given the right of condemnation, a power which the trustees of this orphanage do not have.

We conclude that the Highway Department, acting for and in behalf of the State, is empowered to condemn respondents' property even if we regard it as devoted to a public use. In reaching this conclusion, we have not overlooked *County Board of Commissioners for Clarendon County v. Holliday, supra,* 182 S. C. 510, 189 S. E. 885, 190 A. L. R. 1496, where it was held that the County Commissioners of Clarendon County were not empowered to condemn for highway purposes a portion of a public cemetery because such power had not been expressly given, nor could it be necessarily implied from the general power of condemnation given county authorities. That case may be distinguished upon the ground, among others, that there the condemnation was made by a political subdivision of the State and not the State itself. Then, too, it is doubtful

whether the power of eminent domain under the statute there involved is as broad and comprehensive as that given under the statutes relating to the Highway Department.

The order appealed from is reversed, the injunction *pen-dente lite* granted by the Court below is dissolved, and the case remanded for further proceedings in accordance with the views herein expressed.

TAYLOR, Acting C. J., LEGGE and Moss, JJ., and STEVE C. GRIFFITH, Acting Associate Justice, concur.