19021

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant, v. Charlotte M. SMITH, Respondent.

(172 S. E. (2d) 827)

*Messrs. Daniel R. McLeod, Attorney General,* and *C. Pinckney Roberts, Assistant Attorney General,* of Columbia, and *William M. Wilson,* of Camden, for Appellant,

*Messrs. West, Holland & Furman,* of Camden, *for Respondent,*

March 3, 1970.

Louis Rosen, Acting Associate Justice.

This appeal is from an award of damages in a condemnation proceeding originally upon twelve Exceptions, two have been abandoned and the others have been presented under five questions. We need only consider one for disposition of this appeal.

The question is whether error was committed in allowing testimony and giving jury instructions as to depreciation in value of personal property used by landowner in the operation of a business on the condemned land but not taken by the condemnor.

The condemned property, consisting of 1.01 acres being a portion of 2.6 acres (all buildings on portion condemned), owned by the landowner, Charlotte M. Smith, is located at the intersection of State Road 12 and State Road 568 about three miles southeast of Camden, South Carolina. Landowner operated a grocery store-filling station on the condemned property which contained "the normal store equipment," consisting of such items as a meat case, a coca-cola box, scale, a meat slicer, a cash register and an adding machine. This equipment was removed from the premises by the landowner before the property was taken but in anticipation of condemnation. It is landowner's position that this property has become a "liability" to her because there is no ready market for used store equipment and that she

is therefore entitled to compensation. At the trial testimony was allowed to show depreciation in the value of this equipment and the trial judge instructed the jury that such depreciation, if found by them, could be allowed as an element of compensation.

The power of eminent domain is inherent in the sovereignty of the State. *Riley v. South Carolina State Highway Department,* 238 S. C. 19, 118 S. E. (2d) 809 (1961). The South Carolina Constitution, Article I, Section 17 limits this sovereignty by requiring just compensation for private property taken for public use. The method of ascertaining the amount of just compensation is provided for by S. C. Code Ann. Sec. 33-135 (1962).

The doctrine that private property, whether *real* or *personal,* may be taken for public use, upon just compensation to the owner, has long been recognized in this State. *Lindsay v. East Bay Street Com'rs,* 2 Bay (2 S.C.L.) 38; *Ford v. Whitaker,* 1 Nott & McC. (10 S.C.L.) 5; *Stark v. McGowen,* 1 Nott & McC. (10 S.C.L.) 387, 9 Am. Dec. 712; *Singleton v. Com'rs of Roads,* 2 Nott & McC. (11 S.C.L.) 526; *Eves v. Terry,* 4 McCord (15 S.C.L.) 125; *State v. Dawson,* 3 Hill (21 S.C.L.) 100; and *Louisville, C & C. R. Co. v. Chappell,* Rice (24 S.C.L.) 383.

" 'Property,' in its constitutional sense, also includes personal property * * *." 26 Am. Jur. (2d), Eminent Domain, Sec. 173, p. 849 (1966).

The question here then is whether or not the personal property involved, namely, the meat case, a coca-cola box, scales, a meat slicer, a cash register and an adding machine, belonging to the landowner and used in her business located in a building situate on the land being taken by the State Highway Department, was included in the taking. We think not.

When land is taken under the power of eminent domain, the ownership of personalty kept on the premises taken, but not permanently affixed thereto, is

not affected; and the owner is entitled to remove same as was done here. Actually, here the removal of the personal property was done by the landowner *before* the taking of the land and buildings thereon.

"A majority of the State Courts hold that, in the absence of a statute or agreement to the contrary, the removal costs of a stock of merchandise, or other personal property, and the breakages or other injury to such property caused by such removal, from a leasehold or fee in land, where there is an entire taking of the whole of the condemnee's estate under the sovereign power of eminent domain, cannot be considered as an element of damage, since such loss is not a taking of property." (Citations omitted) *Williams v. State Highway Commission,* 252 N. C. 141, 113 S. E. (2d) 263, 266.

This is simply because personal property, unlike fixtures, can be removed from the condemned premises. See 4 Nichols on Eminent Domain, Sec. 13.13 (3d ed. rev. 1962) (1969 Supp.) ; 27 Am. Jur. (2d) Eminent Domain Sec. 293 (1966).

"It is generally held that damages in condemnation proceedings should be allowed in respect of fixtures which have become a part of the realty.

" * * * (but) compensation cannot be recovered in such a proceeding for damages resulting to personal property not annexed (at least constructively) to the freehold." Annot, 90 A.L.R. 159-60 (1934).

The lower court erred in allowing testimony as to damages to personal property and in charging thereon. The judgment is therefore reversed and remanded for a new trial.

Reversed and remanded.

Moss, C. J., and LITTLEJOHN, J., concur.

BUSSEY and LEWIS, JJ., dissent.

BUSSEY, Justice (dissenting) :

Being unable to concur in the opinion of Mr. Acting Associate Justice Rosen, I most respectfully dissent.

The appellant here does not seriously contend that the landowner sustained no damage to her store equipment, as a result of the condemnation of the realty, but does contend that she is not entitled to any compensation for such damage. Admittedly, such contention is supported by what appears to be the clear weight of persuasive authority from other jurisdictions. The question presented, however, is one of novel impression in this jurisdiction.

In the North Carolina case of *Williams v. State Highway Commission,* 252 N. C. 141, 113 S. E. (2d) 263 (1960), the court, after stating the majority rule, proceeds to deal in detail with the rationale followed by various courts in the formulation of the rule that a landowner is not entitled to compensation for such element of damage. I respectfully submit that the rationale of such cases is not in accord with our constitutional provision and the prior interpretations thereof by this court.

It is conceded that the term "property", in its constitutional sense, includes personal property. The Constitution of this State, Article I, Section 17, provides that " * * * private property shall not be taken * * * for public use without just compensation being first made therefor." We have consistently held that a deprivation of the ordinary beneficial use and enjoyment of one's property is equivalent to the taking of it, and is as much a "taking" as though the property were actually appropriated to the public use. We have consistently held that within the purview of this constitutional provision there is no real distinction between taking and damaging and that the least damage to property constitutes a taking within the purview of the Constitution. *Webb v. Greenwood County,* 229 S. C. 267, 92 S. E. (2d) 688 (1956) ; *Owens v. S. C. State Highway Dept.,* 239 S. C. 44, 121 S. E. (2d) 240 (1961) ; *Early v. S. C. Public*

*Service Authority,* 228 S. C. 392, 90 S. E. (2d) 472 (1955); *Chick Springs Water Co. v. State Highway Dept.,* 159 S. C. 481, 157 S. E. 842 (1931); *Milhouse v. State Highway Dept.,* 194 S. C. 33, 8 S. E. (2d) 852, 128 A.L.R. 1186 (1940).

It is true that none of the cited cases deal with damage to personal property as opposed to damage to real property, but since personal property is property within the purview of the constitutional provision, the fact that personal property was not involved in these cases affords no true basis for distinction.

Basically, we have before us a constitutional question. Sec. 33-135 of the 1962 Code of Laws provides for just compensation to the landowner, upon the acquisition of a highway or right of way, and specifically includes any special damages resulting therefrom. Prior decisions of this court dealing with "special damages" have been concerned with special damages to the remaining real property, but I am aware of no decision which confines special damages to only such as are sustained in connection with the remainder of the real property. Special damages should include any damages or decrease in actual value in the remainder of the landowner's property, whether real or personal, which are the direct and proximate consequence of the acquisition of the right of way. Such is the only possible interpretation of the statutory provision if just compensation is to be awarded in compliance with the Constitution.

In the present case the evidence sustains the view that the landowner was devoting her land to its highest and best use—the operation of a general merchandise business. The ownership of the trade equipment here involved resulted solely from the utilization by the owner of her property for its highest and best use. The trade equipment was essential to the operation of the business, which constituted the main value of the property to the owner. The owner's business was destroyed by the taking and the value of the trade equipment reduced to only a salvage value.

It seems to me that our constitutional provision and our prior interpretations thereof require the rule that, where, as in this case, the result of the taking by the Highway Department is to completely destroy a business operated upon the property acquired, any depreciation in value of trade equipment, held by the owner for use solely in connection with such business, is recoverable by way of special damages.

Of course, any damages to such trade equipment should not be speculative or conjectural, and should be capable of reasonably exact measurement. While the actual fact of depreciation is apparently not challenged in the instant appeal, there is raised no question as to the sufficiency of the proof of such fact, or the amount thereof, I, accordingly, intimate no opinion as to the sufficiency of proof and am of the view that such question should be left open for determination upon a retrial, if there is to be one.

While, as above stated, the weight of authority from other jurisdictions supports the contention of the appellant that the particular item of damage is not recoverable, there are cases from other jurisdictions, in accord with my view, that the particular element here involved is a taking within the meaning of our Constitution, entitling the condemnee to compensation therefor. See *City of Richmond v. Williams,* 114 Va. 698, 77 S. E. 492 (1913) ; *In re: Gratiot Ave., City of Detroit,* 294 Mich. 569, 293 N. W. 755 (1940) ; *In re: Allen Street and First Avenue, Borough of Manhattan, City of New York,* 256 N. Y. 236, 176 N. E. 377 (1931) ; and cases cited in 27 Am. Jur. (2d), *Eminent Domain,* Sec. 293, footnotes 15, 16 and 17.

*In City of Richmond v. Williams, supra,* there was condemned a portion of a lumber yard necessitating the removal of the lumber from the condemned portion thereof, and the condemnee was allowed to recover the removal cost. The court said,

"In appropriating the land to the use of the city, it became necessary to remove the lumber; and we think it plain

that, in compelling its owner to remove it, a burden was imposed which diminished the value of the lumber and damaged its owner."

To my mind there is no true or sound distinction between damage as a result of depreciation in value caused by removal expenses and the depreciation in value in the instant case; the landowner in both instances sustains damage.

In conclusion, I most respectfully suggest that, if the decision below is to be reversed and the case remanded for a new trial, there are other issues raised on appeal which need to be passed upon for the guidance of the judge and counsel upon such retrial. I have, however, herein confined my remarks to the sole ground of reversal in the proposed main opinion.

LEWIS, J., concurs.