### 19959

TEXACO, INC. (lessee), Appellant, v. Mrs. Lalage O.
WARRINGTON, Respondent
Respondent

(212 S. E. (2d) 59)

*Messrs. Johnson, Smith, Hibbard & Cothran,* of Spartanburg, *for Appellant,*

*Messrs. Ward, Howell, Barnes & Long,* of Spartanburg, *for Respondent,*

February 11, 1975.

NESS, Justice:

This is a condemnation case. The City of Spartanburg condemned a portion of a city lot owned by Warrington and leased to Texaco which operated a filling station on the property. Both parties to this action were made parties to

the condemnation award. Warrington presented the case to the Condemnation Board, and an award of Twenty-three Thousand Two Hundred ($23,200.00) Dollars was made and deposited with the Clerk of Court, to the credit of both parties. In order to have this sum properly allocated between the landowner and lessee, the parties agreed to a statement of fact and presented the following question for determination by the court: "Whether Texaco, Inc. is entitled under the law to the full amount of its asserted claim of Five Thousand Six Hundred Ten Dollars ($5,610.00) against the fund, or nothing." The trial court determined that it was entitled to nothing. Texaco had terminated its lease pursuant to a provision of the lease dealing with eminent domain. The trial judge found that its rights terminated in the property upon its election to cancel on the day of the taking.

The pivotal question is whether it was error to find that Texaco's rights terminated on the day of taking, and, consequently that Texaco was entitled to nothing. Texaco argues that the termination affected only its right to prospective damages and could not impinge its right to claim damages sustained prior to that time.

Damages based on loss of, or injury to, improvements or fixtures are allowable. Clearly Texaco's rights did not terminate on the day of taking. In the case of *South Carolina State Highway Department v. Smith,* 253 S. C. 639, 172 S. E. (2d) 827, the Court, citing Nichols on Eminent Domain, specifically recognized that damages in condemnation proceedings are to be resolved in respect to fixtures. Here appellant does not seek compensation for any leasehold damages but rather seeks compensation for damages sustained to improvements and fixtures.

The lease agreement provided:

"If, during the term of this lease, a part only of said premises be taken for public use under right of eminent domain, and if the remainder, in the opinion of the lessee, is

not suitable for its purpose, lessee, at its option, may cancel and terminate this lease."

It is provided in the statement of the case and in the stipulations that, "Texaco elected to cancel under this option on the effective date of taking and so notified Mrs. Warrington and also notified her of its claim for damages." And also, "The tenant removed its signs, pumps, and most of its property, paid the rent up to the day of taking, and advised the landlord of the amount of its claim."

In 4 Nichols, Eminent Domain, Section 13.121 (Rev. [3rd] Ed. 1971) it is stated:

"Even though a lease contains a condemnation clause the tenant's fixtures are considered real property and must be paid for in eminent domain."

See also, 4 Nichols, Eminent Domain, Section 13.121(2) (Rev. [3rd] Ed. 1970); *Almota Farmers Elevator & Warehouse Company v. United States,* 409 U. S. 470, 93 S. Ct. 791, 35 L. Ed. (2d) 1; *State Highway Commissioner v. Foye,* 205 N. W. (2d) 100 (S. D.); *In re Slum Clearance, City of Detroit* (Appeal of United Platters, Inc., 332 Mich. 485, 52 N. W. (2d) 195).

We cannot adopt the views of the trial judge. While it is true that the lease was binding on the patries, the reliance of the respondent upon this portion of the lease, in view of the stipulations of the parties, has no bearing on our decision. The very existence of the right to terminate should not be invoked to assay the amount of damages or loss sustained. This critical problem readily yields itself to judicial solution when examined in light of the agreed statement of fact.

Hence the only issue remaining is whether or not Texaco has sustained any damages. It is inescapable that it has and that the trial judge was in error, under the agreed statement of fact, in holding that the election of the lessee in terminating the lease, under the terms thereof, governed. The lease has no application under the facts here contained and stipulated.

We are of the opinion that the lessee has a compensable interest and is therefore entitled to recover the agreed sum of Five Thousand Six Hundred Ten ($5,610.00) Dollars with any interest accrued since the date of deposit with the Clerk of Court of Spartanburg County.

The funds shall be disbursed by Order of the Common Pleas Court in keeping with views expressed herein.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.