0656

SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant v. NAJMA RECORDS, INC., Respondent.

(341 S. E. (2d) 649)

Court of Appeals

*Atty. Gen. T. Travis Medlock* and *Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, and *T. Sam Means, Jr.,* of *Butler, Means, Evins & Browne,* Spartanburg, *for appellant.*

*James C. Cothran, Jr.,* of *King & Cothran,* Spartanburg, *for respondent.*

Heard Jan. 22, 1986.

Decided March 24, 1986.

GARDNER, Judge:

This is a condemnation case in which the jury awarded Najma Records, Inc., (the landowner) $199,716, which included the value of certain alleged fixtures. We reverse and remand.

The S. C. Department of Highways and Public Transportation (Department) condemned a portion of the landowner's property for a right-of-way for improvements along an interstate highway in Spartanburg County. On the property was a building housing the landowner's recording studio. The studio itself contained certain expensive and sophisticated recording equipment. The landowner claimed this equipment constituted fixtures, for which the landowner was entitled to compensation. The Department argues that this equipment is personal property for which no compensation is available in a condemnation proceeding.

Proper and timely objections were made to the introduction of the value of the personal property. Additionally, timely motions were made for a directed verdict that the personal property could not be included in the award and after the verdict, timely motions were made for judgment n.o.v., a new trial and a new trial *nisi*.

A landowner is not entitled to damages in condemnation actions for personal property not taken as a result of a highway condemnation. *South Carolina State Highway Department v. Smith,* 253 S. C. 639, 172 S. E. (2d) 827 (1970).

The criteria for determining whether property remains personal property or becomes a fixture when affixed to real estate includes (1) a mode of attachment, (2) character of the structure or article, (3) the intent of the parties making the annexation and (4) the relationship of the parties. *Creative Displays v. South Carolina Highway Department,* 272 S. C. 68, 248 S. E. (2d) 916 (1978).

The landowner's recording equipment in the case before us was attached by bolts, screws and wooden encasements, which were also attached by bolts and screws. The equipment was detachable from its wiring and

was reusable when electronically balanced and tuned again. The equipment in fact was removed, and there is no evidence of record of physical damage to the equipment bacause of its removal. After a careful review of the record, we find that the trial judge erred in the admission of testimony as to the value of the recording equipment and in failing to direct a verdict that the value of the recording equipment could not be considered in making the award of damages.

The record before us is such that the amount awarded by the jury for the recording equipment cannot be separated. For this reason and the above stated reasons, the judgment below is reversed and the case remanded for a trial *de novo.*

Reversed and remanded.

SANDERS, C. J., and BELL, J., concur.